UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW VARGASON, <br> D'LILA VARGASON, | Civil No. 13-518 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF HUMAN SERVICES, <br> CHILD PROTECTIVE SERVICES, and <br> SUE PROVO, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's

application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. §

1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and

recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed

below, it is recommended that Plaintiff's IFP application be denied, and that this action be

summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff Andrew Vargason[1] is attempting to sue two defendants identified as

---

[1] The caption of the complaint in this case includes the name "D'Lila Vargason," who
apparently is the minor daughter of Plaintiff Andrew Vargason. It is possible that Andrew
Vargason intended to bring this action on behalf of his daughter, as well as himself.
However, a parent cannot bring an action in federal court for the benefit of a minor child,
unless the parent is represented by an attorney. See Myers v. Loudoun County Public
Schools, 418 F.3d 395, 401 (4th Cir. 2005) (joining six other federal circuit courts in ruling
that "non-attorney parents generally may not litigate the claims of their minor children in
federal court"). See also Buckley v. Dowdle, No. 08-1005 (8th Cir. 2009), 2009 WL 750122
(unpublished opinion) at *1 (parent, acting pro se, "cannot bring a claim on behalf of his
minor daughter") (citing Myers, supra). Because Andrew Vargason is not represented by
counsel, (and he has not shown that he is an attorney), he cannot bring a claim on behalf

"Department of Human Services, Child Protective Services," and Sue Provo. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "1. My daughter was seized without a warrant served upon me in January of 2012, violating both mine and hers [sic] Constitutional Rights, the affects were devastating to both of us.
>
> 2. Becker County Human Services, namely Sue Provo did not provide reasonable efforts to reunify me with my daughter.
>
> 3. Sue Provo constantly allowed my daughters religion to be ignored, upsetting me, as my religious practices were not instilled on my daughter while in custody of Becker County
>
> 4. Sue Provo kept medical records from me, stating that I was not allowed to know what they said, intentionally injuring my case and depriving me the comforts of seeing my daughter.
>
> 5. Becker County Human Services, namely Sue Provo used hearsay testimony to create bias against me, further damning my case of reunification.
>
> 6. Becker County Human Services, namely Sue Provo, lied and made false statements that my relatives had supposedly said, furthering her lies to keep my daughter from me.
>
> 7. All of this, has caused great emotional distress and despression [sic] as my daughter was illegally stolen from me"

(Complaint, [Docket No. 1], p. 4, § 7.)

Plaintiff alleges that federal subject matter jurisdiction exists in this case, because his claims purportedly involve "a federal question." (Id., p. 3, § 3.) The complaint does not identify any specific federal law on which Plaintiff's claims are based, (see id., § 4), but the complaint mentions Plaintiff's "Constitutional Rights," and the accompanying civil cover

---

of anyone else, including D'Lila Vargason. Therefore, Andrew Vargason must be treated as the sole Plaintiff in this case.

sheet refers to 42 U.S.C. § 1983. Therefore, giving Plaintiff's pro se submissions the benefit of liberal construction, it could reasonably be inferred that Plaintiff is attempting to sue the named Defendants for allegedly violating his rights under the federal Constitution.

Plaintiff describes the relief he is seeking in this case as follows:

"1. I am seeking Two Hundred and Fifty Thousand Dollars ($250,000) for every month that my daughter was kept from me until the termination of parental rights, up to the amount of Two Million, Two Hundred fifty Thousand Dollars ($2,250,000)

2. An apology by Becker County Human Services

3. The dismissal and termination of Sue Provo from Governmental Employment, including but not limited to possible Criminal Prosecution"

(Complaint, p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because

an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, it appears that Plaintiff is trying to sue Defendants for allegedly violating his federal constitutional rights.  A person can seek relief for alleged violations of his or her federal constitutional rights by bringing an action under 42 U.S.C. § 1983.  To state an actionable § 1983 claim, a complainant must allege a set of specific historical facts showing how each named defendant allegedly violated the complainant's constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's current complaint fails to state an actionable § 1983 claim, because it does not identify any specific constitutional right(s) that Defendants allegedly violated.  Furthermore, Plaintiff has not alleged sufficient facts to state an actionable § 1983 claim against the named Defendants.  The complaint presents several vague and conclusory accusations, (e.g., that Defendant Sue Provo "did not provide reasonable efforts to reunify me with my daughter," "allowed my daughter[']s religion to be ignored," "used hearsay testimony to create bias against me," and "lied and made false statements that my relatives had supposedly said").  However, the complaint does not describe any specific historical events, or any specific acts or omissions.  Plaintiff has not described anything that the named Defendants actually did (or failed to do) that allegedly violated his constitutional rights.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  Again, Plaintiff has not alleged a clear set of specific factual events, which if proven true, would show that

Defendants violated Plaintiff's constitutional rights while they were acting under color of state law. Therefore, Plaintiff has not pleaded an actionable § 1983 claim. Indeed, the current complaint does not present sufficient facts to support <u>any</u> claim for relief against Defendants that could be entertained in federal court.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be DENIED; and

2. This action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: March 7, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 21,**

**2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.